**Robert BINNER et al., Appellees,**

**v.**

**M. C. CALLAHAN et al., Appellants.**

**No. 73-2175.**

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1974.

Decided July 19, 1974.

———◆———

Henry W. Underhill, City Atty., Charlotte, N. C. (W. A. Watts, City Atty., Charlotte, N. C., on brief), for appellants.

Walter H. Bennett, Jr., Charlotte, N. C. (George S. Daly, Jr., Charlotte, N. C., on brief), for appellees.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and BUTZNER, Circuit Judges.

## PER CURIAM:

Plaintiffs below (appellees here), partnership proprietors of the Crazy Horse Bookstore in Charlotte, North Carolina, brought an action against defendants below (appellants here), three Charlotte policemen, alleging that defendants had fired projectiles from an air gun into the store's front windows in the dark of night. Filing their action pursuant to the provisions of 42 U.S.C. §§ 1983 and 1985, plaintiffs claimed the policemen conspired together to, and did, deprive the store proprietors of their constitutional rights guaranteed under the first, fourth, fifth, ninth, and fourteenth amendments. Jurisdiction was asserted under 28 U.S.C. §§ 1343(3) and (4), 2201, and 2202. The case was tried by the court without a jury.

In making its findings of fact the district court concluded that the policemen had acted in concert to intentionally damage the glass windows at the front of the store by causing them to be struck by some type of projectile. The court found this conduct of the police officers severely alarmed and frightened plaintiffs Binner and Rupert, occupants of the store at the time of the incident. Citing Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), the court determined as a matter of law that it had jurisdiction by virtue of 28 U.S.C. § 1343(3). While recognizing that the policemen had abused the authority of their offices, the court held that they were acting "under color" of law. Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). The court concluded that the officers, by their actions, had deprived the store proprietors of "their due process right to be free from arbitrary governmental invasion of their property," as guaranteed by the fourteenth amendment. Plaintiffs were awarded compensatory damages in the sum of ten dollars.

Upon consideration of the record, briefs and oral arguments we are unable to say that the court's findings of fact are clearly erroneous. Having accepted those findings we agree with the court's

conclusions of law for the reasons stated in its memorandum decision of August 9, 1973. Accordingly the judgment is affirmed.

. Affirmed.